USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/09/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
LEVIT FERNANDINI, :
:
         Plaintiff, :  1:15-cv-3843-GHW
:
    -v- :  MEMORANDUM OPINION
:  AND ORDER
CHARLES E. SAMUELS, JR., *Director of the FBOP,* :
*in his official and individual capacity*; CATHERINE L. :
LINAWEAVER, *Warden, in her official and individual* :
*capacity*; CHARLSTON IWUAGWU, *Associate* :
*Warden, in his official and individual capacity*; :
KENNETH HAAS, *Unit Manager, in his official and* :
*individual capacity*; WANDA WINGATE, :
*Correctional Counselor, in her official and individual* :
*capacity*; ANDREW BUTLER (7-2011 to 11-2011), :
JAMAL JAMISON (11-2011 to 6-2014), & :
DENNIS PEREZ (circa 7-11 to 6-2014), *Safety* :
*Managers in their official and individual capacities*; JOHN :
SACCO & OCTAVIO MATOS (both, 7-2011 to :
6-2014), *MCC HVAC Supervisors in their official and* :
*individual capacities*; KENNETH ALVARADO (7- :
2011 TO 1-2013) & HENRY HEANEY (7-2011 :
to 6-2014), *MCC Plumbing Supervisors, in their official* :
*and individual capacities*; PAT NICHOLSON (7-2011 :
to 12-2013), BRENDA DEAN (1-2014 to 4-2014) :
& VID PARSAN (4-2014 to 6-2014), *MCC* :
*Facilities Supervisors, in their official and individual* :
*capacities*; ANTHONY BUSSANICH, MD., *Medical* :
*Director in his official and individual capacity*; CHITO :
EVANGELISTA, MLP., *in her official and individual* :
*capacity*; JOHN & JANE DOES(S), *MCC 11-South* :
*Housing Unit Correctional Officers in their official and* :
*individual capacities*, :
:
         Defendants. :
------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

## I.  INTRODUCTION

  Plaintiff Levit Fernandini, who is proceeding *pro se*, seeks summary judgment and

"affirmative relief of the court" on two bases: (1) that the U.S. Marshals Service and Clerk of Court

failed to properly serve process on all Defendants, and (2) that the U.S. Attorney General failed to certify that the individual Defendants were acting within the scope of their employment at the time of the incident at issue in this litigation, such that the United States is the only properly named Defendant for Plaintiff's tort claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. Because Plaintiff is not entitled to relief on either of these grounds, Plaintiff's motion for summary judgment is denied.

## II. BACKGROUND & PROCEDURAL POSTURE[1]

Beginning in July 2011, Plaintiff was a pre-trial detainee at the Metropolitan Correctional Facility ("MCC"). TAC ¶ 1. He alleges that while at MCC, he suffered inhumane conditions of confinement and was given inadequate medical attention. Among other things, he alleges that there was inadequate plumbing and ventilation at the MCC. TAC ¶ 2. He also alleges that the facility had a rat infestation, and that he was bitten by a rat and was denied proper medical attention for his rat bite. TAC ¶ 3. He brings a claim under the FTCA against the United States, and brings tort and *Bivens* claims against nineteen individually-named BOP employees and officers.

Plaintiff filed his initial complaint on May 8, 2015, naming multiple John Doe defendants. Dkt. No. 1. After the U.S. Attorney identified the individual John and Jane Doe defendants, the Plaintiff filed a second amended complaint on February 11, 2016. Dkt. No. 35. Defendants then moved to dismiss the second amended complaint or, in the alternative, for summary judgment, but the Court withdrew that motion on August 1, 2016 following Plaintiff's request to amend his complaint. On November 13, 2016, Plaintiff filed his third amended complaint, adding the United

---

[1] Plaintiff has moved for summary judgment, but has not complied with Local Rule for the United States District Court for the Southern District of New York 56.1, which requires a party moving for summary judgment to also submit "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." As such, and because the facts of the case are not necessary to support the grounds upon which Plaintiff moves for summary judgment, the Court summarizes the facts of this case with reference to the Third Amended Complaint, Dkt. No. 79 ("TAC").

States, the Bureau of Prisons ("BOP"), and the MCC as Defendants. Dkt. No. 79 ("TAC").[2] On February 27, 2017, Plaintiff filed a motion for summary judgment. Dkt. No. 97. Defendants filed an opposition on March 21, 2017. Dkt. No. 100.

### III. DISCUSSION

#### a. Service of Process

Plaintiff argues that he is entitled to a summary judgment because "the U.S. Marshals service should have effect [sic] service of process to all individual defendants" but that "[t]he Marshals delivered all summons to the Clrks [sic] Office, 500 Pearl Street, New York, NY 10007-1312." Pl.'s Mot. for Summ. J. ("Pl.'s Mot."), Dkt. No. 97, at 1. He contends that failure to properly serve Defendants has denied him "due process of law and the opportunity to fully and fairly adjudicate his claims." *Id.* at 1-2.

As an initial matter, it is not clear that Plaintiff can seek this relief for improper service on Defendants. The Court noted in multiple orders of service in this case that "[i]t is Plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012)." *See, e.g.*, Dkt. No. 7 at 3; Dkt. No. 10 at 2; Dkt. No. 36 at 3; Dkt. 102 at 3.

Moreover, all Defendants have been served, so there is no prejudice to Plaintiff in litigating his case. Service was effectuated on eighteen of the nineteen individually named Defendants, and on the United States.[3] *See* Dkt. Nos. 13 (Evangelista), 14 (Ramos) 15 (Bussanich), 16 (Jenkins-Cardew),

---

[2] On March 22, 2017, the Court dismissed Plaintiff's claims against the BOP and the MCC because the United States is the only proper party under the FTCA. Dkt. No. 102.

[3] Defendants note in their opposition to Plaintiff's motion for summary judgment that it is not clear if Dennis Perez is indeed a Defendant in this action. Plaintiff did not include Mr. Perez in the list of Defendants in the TAC, but did list Mr. Perez as a Defendant in Counts 2 and 3 of the TAC. Regardless, the Court issued an order of service which included Mr. Perez's service address on February 17, 2016. Dkt. No. 36. As noted above, that order of service specifically explained that it is Plaintiff's responsibility to ensure that service was

3

17 (Haas), 18 (Iwaugwu), 19 (Linaweaver), 20 (Samuels), 27 (Wingate), 49 (Butler), 50 (Sacco), 51 (Dean), 52 (Matos), 53 (Parson), 69 (Heaney), 71 (Nicholson), 72 (Jamison), 73 (Alvarado), 103 (United States of America). The U.S. Attorney has not only appeared in this case on behalf of all Defendants, but has litigated the case on behalf of all Defendants, filing a partial motion to dismiss on December 9, 2016. Dkt. No. 88. To the extent process on Defendants was, in fact, insufficient, Defendants waived that affirmative defense by not raising it in that responsive pleading, and therefore service of process is not an issue here. *See* Fed. R. Civ. P. 12(h). Plaintiff's motion for summary judgment on this basis is denied.

    b. Scope Certification

Plaintiff also seeks summary judgment on the ground that the U.S. Attorney General has not "delegated the authority to certify that the defendant's federal employee [sic] were acting with in [sic] the scope of there [sic] office of employment" at the time of the incidents at issue in this case. Pl.'s Mot. at 3. "When a federal employee is sued for wrongful or negligent conduct, the [federal statute known as the Westfall Act] empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Osborn v. Haley*, 549 U.S. 225, 229-30 (2007) (citing § 2679(d)(1)-(2)). Once this certification takes place, the United States is substituted as a party in place of the employee, and the litigation then proceeds under the FTCA. *Id.* at 230. Plaintiff cites to 28 C.F.R. § 15.4(a), which delegates to the relevant United States Attorney the authority to make such a certification that a defendant federal employee was acting within the scope of their employment at the time of the incident that gave rise to the suit. Courts have held, however, that formal certification is not required; a brief filed by the United States on behalf of defendant employees may serve as a petition to certify that they

---

made. *Id.* at 3. The Court cannot remedy Plaintiff's failure to follow up on his obligations to ensure effective service.

4

were acting within the scope of their employment. *See Cates v. Williams*, No. 08-CV-1529, 2009 WL 723021, at *5 (S.D.N.Y. Mar. 19, 2009), *aff'd sub nom. Cates v. Potter*, 363 F. App'x 822 (2d Cir. 2010); *Zandstra v. Cross*, No. 10-CIV-5143, 2012 WL 383854, at *3 (S.D.N.Y. Feb. 6, 2012) ("A brief on behalf of the named defendants may serve as such a petition.") (citing *B & A Marine Co., Inc. v. American Foreign Shipping Co., Inc.* 23 F.3d 709, 715-16 (2d Cir. 1994)).

Here, Defendants filed a partial motion to dismiss the TAC on December 9, 2016. Dkt. No. 88. In that motion, Defendants argue that the only defendant appropriate for Plaintiff's FTCA claims is the United States of America. *Id.* at 5 n.5. Accordingly, the brief serves as the petition certifying that the defendant employees were acting within the scope of their employment at the time Mr. Fernandini was allegedly injured. No further formal certification of the United States Attorney is necessary. Plaintiff's motion for summary judgment on this basis is therefore denied.

## IV. CONCLUSION

Because both arguments raised by Plaintiff fail as a matter of law, Plaintiff's motion for summary judgment is DENIED.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court will mail a copy of this order, along with copies of the unpublished cases cited in the order, to Plaintiff by certified mail.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 97.

SO ORDERED.

Dated: June 9, 2017  
New York, New York

GREGORY H. WOODS  
United States District Judge